### ELLISON v. BOYD

(142 S. E., 591)

1. VENDOR AND PURCHASER—REFUSAL OF DIRECTED VERDICT FOR VENDOR AGAINST DEFAULTING PURCHASER FOR PROFIT ON SALE HELD NOT ERROR, WHERE CASH ALTERNATIVE WHICH VENDOR ELECTED ALLOWED SUBSTANTIAL REDUCTION.—In vendor's action for damages for breach of purchase contract providing for payment of $5,000.00 on time, or $4,750.00 cash, under which $100.00 was paid down, where it appeared that vendor had purchased property for $4,000.00, refusal of vendor's motion for directed verdict for $900.00 *held* not error, where vendor elected that purchaser should comply with the cash alternative, especially in view of evidence of vendor's waiver.

2. VENDOR AND PURCHASER—ISSUE OF VENDOR'S WAIVER HELD FOR JURY, UNDER EVIDENCE THAT VENDOR SOLICITED PERFORMANCE FROM PARTIES DESIGNATED BY PURCHASER AS HIS PRINCIPALS.—In vendor's action against purchaser for breach of purchase contract, question of vendor's waiver *held* properly submitted to jury, where evidence showed that purchaser advised vendor that he was acting for third parties, and that vendor thereupon insisted upon their compliance with the contract.

3. APPEAL AND ERROR—INSTRUCTION REQUIRING VENDOR'S DUE CARE IN MINIMIZING DAMAGES HELD NOT PREJUDICIAL, WHERE JURY FOUND VENDOR HAD WAIVED PURCHASER'S BREACH.—In vendor's action for breach of purchase contract, vendor having purchased the property with idea of making a profit on resale, instruction that vendor had burden to show injury, and that he used due care in minimizing damages, if error, *held* not prejudicial, where jury returned verdict for purchaser, based on finding of vendor's waiver of breach.

Before GRIMBALL, J., Oconee.   Affirmed.

Action by C. H. Ellison against R. H. Boyd.   Judgment for defendant, and plaintiff appeals.

*Mr. J. R. Earle,* for appellant, cites: *In absence of unambiguity in a contract same should be construed by the Court:*

13 C. J., 788; Id., 781, 783; 103 S. C., 494; 118 S. C., 146. *Unless there is a legal liability, a non-suit would have been proper:* 103 S. C., 494. *Measure of damages:* 13 C. J., 796. *No evidence of waiver, and charge on waiver, and that plaintiff should minimize his damages was not applicable to facts, and new trial should have been granted:* 138 S. C., 435.

*Messrs.· M. C. Long* and *R. T. Jaynes,* for respondent, cite: *Such a trade as here, will not be enforced when there is any good ground for refusing either specific performance of the contract or the awarding of damages for its breach:* 114 S. C., 251.

April 10, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages in the sum of $1,150.00 for an alleged breach of contract. The case comes to this Court now for the second time. On the former appeal, the judgment of the Court below, sustaining a demurrer to the complaint, was reversed. 130 S. C., 269; 125 S. E., 493; 36 A. L. R., 855.

The contract involved is as follows:

"I, C. H. Ellison, do grant, bargain and sell unto Robt. H. Boyd all that parcel or piece of land, containing three acres, more or less, known as the Mrs. Ludie M. Coleman property, now owned by E. M. Coleman, for the sum of forty-seven hundred and fifty dollars, the sum of one hundred dollars in cash, the balance to be paid on delivery of deeds, in cash or in terms agreed on at making of deeds. It is understood and agreed by both parties that if the balance, forty-six hundred and fifty dollars, is not paid in cash, the price is to be five thousand dollars instead of forty-seven hundred and fifty dollars. The balance is to be secured and to draw interest at the rate of eight per cent., payable annually, until the full amount is paid in full. This property is in Seneca, S. C., on north side of

First North street, joining on Depot street on the west and running back to Second North street, joining lots of Jim Keels, R. K. Nimmons, W. R. Doyle and others. This agreement is meant to cover all land or lots that is now owned by E. M. Coleman in this block from mother estate. The above deeds are to be made as soon as can be gotten up by E. M. Coleman. The one hundred dollars in cash paid on this date is to be a part of first payment, and is intended to close the trade and bind both parties, and is acknowledged as same.

"This agreement is to bind both parties."

In the agreed statement of fact, it is stated that, upon the trial of the case, Coleman (from whom Ellison had agreed to purchase the property) having testified that it was his recollection that Ellison was to pay him $4,000.00, "the plaintiff agreed in open Court that his damages might be reduced to $900.00 with interest." The Court having overruled plaintiff's motion for a directed verdict for $900.00, the case was submitted to the jury, who found for the defendant. A motion for a new trial was also overruled by the Court.

From the judgment entered up, the plaintiff appeals to this Court. His exceptions raise the following questions:

(1) Did the trial Judge err in refusing plaintiff's motion for a directed verdict for $900.00?

(2) Did the trial Judge err, under the testimony, in submitting the question of waiver to the jury?

(3) Did the trial Judge commit error in charging the rule as to minimizing damages?

*As to the first question:* The appellant contends that he was entitled to a directed verdict for $900.00, for the reason that he proved both the execution and breach of the contract by the respondent, and that $900.00 was the minimum amount for which the respondent was liable for such breach.

It was held in the former appeal to this Court that, Boyd having failed to elect before or on the date of maturity of the contract between the cash and credit alternative promises contained therein, the election passed to the promisee, Ellison, who elected that Boyd should comply with the first, or cash, alternative. This being true, a verdict could not have been directed for $900.00, since that was not the smallest amount provided, if any, for which the respondent was liable under the alleged breach.

In the second place, the trial Judge could not have directed a verdict, for the reason that there was some evidence tending to show waiver by Ellison of the alleged breach of the contract by Boyd, thus requiring the case to be submitted to the jury.

*As to the second question:* The appellant contends that the trial Judge erred in charging the jury with respect to the question of waiver, as there was no evidence from which waiver could be inferred, and that such charge could only tend to confuse the minds of the jury as to the real issue. A careful examination of the testimony leads to the conclusion that there was some evidence tending to show waiver by Ellison of Boyd's alleged breach of the contract. When advised by Boyd that he was acting for R. L. and W. P. Nimmons, and that they had put up the $100 paid to Ellison, Ellison took up the matter with them, and insisted upon their compliance with the contract. No deed to the property was ever made in Boyd's name or tendered to him; and, although it was shown that he told Ellison to make the deed to R. L. Nimmons, it nowhere appears in the testimony that he said he would refuse to accept the deed, if it were tendered to him.

It might be inferred, on the one hand, that what Ellison did, after being advised by Boyd that he was acting for the Nimmons brothers in the purchase of the property, was done as an accommodation to Boyd, and was not intended to release him from the contract. On the other hand, it

might be reasonably inferred that Ellison intended to hold the Nimmonses alone to a compliance with the terms of the contract and to waive any claim that he might have against Boyd. We think that the evidence was sufficient to warrant the trial Judge in submitting to the jury the question of waiver.

*As to the third question:* By the third exception error is imputed to the trial Judge in charging that it was the duty of the appellant to minimize his damages, if any, resulting from the breach of the contract by the respondent, as that principle of law was not applicable to the facts of the case.

An examination of the contract and the evidence in the case discloses the following facts: Ellison had agreed to purchase the land from Coleman, and was reselling it under his contract with Boyd, making a profit of, as he claims, not less than $900.00. Ellison could not comply with his contract with Coleman and take title to the land in himself until Boyd complied with his contract and put up the money agreed to be paid for the premises. Ellison intended to pay Coleman the purchase price agreed upon between them with a part of the money to be received from the purchaser to whom he had agreed to sell the property. Coleman sent to the Bank of Seneca a deed to the land executed in favor of Ellison, with draft attached for the amount to be paid by Ellison. The deed was held in escrow by the bank, to be delivered to Ellison upon payment of the draft, but, as he failed to pay the draft, it was never delivered to him, being finally returned to Coleman, who destroyed it. Some time afterwards Ellison made a sale of the property, receiving as his profits or commissions $500.00. It is clear that Ellison was negotiating with Coleman for the purchase of the property, for the purpose, not of keeping it himself, but of reselling it at a profit, receiving as his profits or commissions $500.00.

What the trial Judge charged with respect to minimizing damages is as follows:

"The burden is also on the plaintiff to satisfy you that he was not only injured by reason of the defendant's actions, but that he, the plaintiff, used due care in minimizing his damages."

If the charge complained of was error, it could not have proved harmful to the appellant, as it is clear that the jury found in favor of the respondent upon the question of waiver. If the question of waiver had been resolved in favor of the appellant, there would have been a verdict for some amount in his favor, even though the jury had attempted to consider and apply the rule for minimizing damages as charged by the trial Judge. We therefore conclude that, if there was error, it was not prejudicial.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, BLEASE, and CARTER concur.